UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE 1, individually and on behalf of
all others similarly situated,

       Plaintiff,

v.

DEJA VU SERVICES, INC., et al.,

       Defendants.
                                          /

Case No. 2:16-cv-10877

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [29]**

During a January 30, 2017 hearing, the parties appeared before the Court, presented an oral motion for preliminary approval of Class Action Settlement, described the claims and defenses, reviewed the class certification elements under Federal Rule of Civil Procedure 23, and advised the Court as to the settlement efforts that led to the parties' settlement term sheet. Following the hearing, the parties filed a joint motion seeking preliminary approval of the proposed settlement. Mot., ECF No. 29.

Obtaining court approval of a class-action settlement involves a three-step process: (1) preliminary approval of the proposed settlement at an informal hearing; (2) dissemination of mailed and/or published notice of the settlement to all affected class members; and (3) a formal fairness hearing or final approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented.

*See Fussell v. Wilkinson,* No. 1:03-CV-704, 2005 WL 3132321, at *3 (S.D. Ohio Nov. 22, 2005) (citing *Williams v. Vukovich,* 720 F.2d 909 (6th Cir. 1983)); *see also Manual on Complex Litigation, Fourth,* § 21.63. This procedure, commonly employed by federal courts and endorsed by a leading class action commentator, *see* 2 *Newberg on Class Actions*, § 11.25 *et seq.,* serves the dual function of safeguarding class members' procedural due process rights, and enabling the Court to fulfill its role as the guardian of the interests of the class.

First, the Court must ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing. *Id.* In this regard, the settlement agreement should be preliminarily approved if it (1) "does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment to class representatives or of segments of the class, or excessive compensation for attorneys," and (2) "appears to fall within the range of possible approval." *Sheick v. Auto. Component Carrier, LLC*, No. 09-14429, 2010 WL 3070130, at *11 (E.D. Mich. Aug. 2, 2010) (quotations omitted).

Here, the parties have jointly moved for preliminary approval of a class action settlement pursuant to Rule 23 and 29 U.S.C. § 216(b) of the Fair Labor Standards Act. Mot., ECF No. 29. The attorneys representing the parties have presented the Court with a comprehensive description of the claims and defenses, a description of the settlement goals and efforts made to achieve those goals by the parties, and a detailed outline of the final settlement terms. *See* Settlement Agreement, ECF No. 29-2. Also, the Court draws upon its experience and familiarity with a prior case involving the same issues and some

2

of the same Defendants, *Doe v Cin-Lan, Inc.*, *et al.*, Case No. 08-cv-12719, in which the Court presided over a class action settlement and retained ancillary jurisdiction.

The Court finds that the elements of Rule 23(a) are met, including that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)

Additionally, pursuant to Rule 23(b)(3), the Court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *Id.* The Court has considered (a) the class members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already begun by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the likely difficulties in managing a class action. *Id.*

Based on the parties' motion and the Court being otherwise fully advised on the premises, the Court finds that the proposed settlement is a fair, reasonable, and adequate resolution of a bona fide dispute between Defendants and Plaintiffs Jane Doe 1 and Jane Doe 2 and all other class members. Specifically, the Court finds that this Class meets the requirements of Fed. R. Civ. P. 23(a), Fed. R. Civ. P. 23(b)(3), and 29 U.S.C. § 216(b).

## ORDER

**WHEREFORE** it is hereby **ORDERED** that:

1. The parties' motion for preliminary approval of class action settlement [29] is **GRANTED** and the Settlement Class defined below is preliminarily certified for settlement purposes pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b). The Settlement Class is defined as follows:

   > All current and former entertainers who worked for Defendants at any time during the Class Period and today's date at any of the "Déjà Vu affiliated clubs" listed on Exhibit A to the Settlement Agreement.
   >
   > The Class Period as agreed by the parties shall cover three time periods, as follows:
   >
   > "Class Period" means the period commencing (a) for Entertainers who Performed at Deja Vu Saginaw or at any of the Clubs located in the State of Michigan, March 10, 2013, (b) for Entertainers who performed at Clubs located outside of the State of Michigan and who are not a putative class member in any of the Pending Proceedings, the date upon which the statutes of limitations period under their applicable state labor laws began to run prior to March 10, 2016, or (c) for any Entertainers who are a putative class member on any of the Pending Proceedings, the earliest date of the applicable statute of limitations period as tolled by those Pending Proceedings, through the Effective Date of this Agreement.

2. The Court also grants parties' request to amend the current complaint to add opt-in Plaintiff Doe 2 as a named Plaintiff and the Court appoints her along with Plaintiff Doe 1 to serve as class representatives. *See* Mot. 18, ECF No. 29. The parties may file a Second Amended Complaint adding any new class representatives and claims as they deem necessary to effectuate the settlement as directed by the schedule below.

3. Jason J. Thompson of Sommers Schwartz, P.C. and Megan Bonanni of Pitt, McGehee, Palmer & Rivers are both familiar attorneys to the Court and experienced in entertainer class actions. They meet the class counsel requirements of Fed. R.

Civ P. 23(g) and are hereby appointed as Class Counsel for the Settlement Class with all the duties, obligations and authority as provided in Rule 23.

4. The Court approves the proposed notice plan and Notice, Exh. D, ECF No. 29-2, finding it reasonable, adequate, and in conformity with the requirements of constitutional notice and Rule 23.

5. The Court orders that each potential Class Member who wishes to be excluded from the Settlement Class to opt-out per the instructions set forth in the Class Settlement Notice and no later than forty-five (45) days after the mailing of the Class Settlement Notice.

6. The parties shall work cooperatively to comply with all requirements as to the Private Attorneys General Act of California including providing the State California Labor and Workforce Development Agency with (a) a filed-stamped copy of the Amended Class Action Complaint; (b) a copy of the final Settlement Agreement once it has been filed with the Court; and (c) the Judgment and Final Approval Order once entered by the Court.

7. Defendants shall provide the settlement administrator selected by the parties with mailing addresses, and email address to the extent available, within 25 days from entry of this order. Notice shall be effectuated according to the parties' proposed notice plan and no later than 45 days from entry of this order.

8. A Fairness Hearing, to determine whether the Settlement should be finally approved, shall be held before this Court on **June 6, 2017 at 2:00 p.m.**

9. The Court has reviewed and approves the following deadlines and briefing schedule, unless otherwise amended by the Court:

| | |
|---|---|
| Class Settlement Notice, Election of Settlement Benefits Form, Second Amended Class Action Complaint and Settlement Agreement shall be filed | Within 21 days of entry of Preliminary Approval Order |
| Defendants to effectuate any required notices such as pursuant to CAFA and PAGA | Within 25 days of Preliminary Approval, or otherwise as required by law |
| Defendants to provide postal and email addresses to the Settlement Administrator | Within 30 days from entry of Preliminary Approval Order |
| Class Settlement Notice sent | Within 50 days from entry of Preliminary Approval Order |
| Motion for Final Approval and Motion for Attorney's Fees and Expense shall be filed | Within 80 days from entry of Preliminary Approval Order |
| Deadline for Objections, Objection Briefs, and Opt Outs Forms | Within 95 days from entry of Preliminary Approval Order |
| Response Briefs to Objections, if any, shall be filed | Within 115 days from entry of Preliminary Approval Order |
| Fairness Hearing on Motions for Final Approval and Attorneys' Fees and Expenses | June 6, 2017, 2:00 p.m. |

10. Any Class Member who has not properly and timely requested exclusion from the Settlement Class shall be bound in the event the Court issues a Final Order Approving Settlement.

11. Any Class Member may object to the Settlement. Objections must be filed with the Court and served on Class Counsel and Counsel for the Defendants within 95 days from entry of this order.

11. The parties are ordered to carry out the Settlement and this order according to the terms of the Settlement Agreement, or a substantially similar agreement if approved at the Fairness Hearing, in good faith and with reasonable judgment.

12. In the event that the Court does not grant final approval of the Settlement Agreement following the Fairness Hearing, the Court's order preliminarily certifying the Class, including class certification, shall be null and void.

13. The Court reserves the right to amend or alter this order as necessary to maintain manageability over this action and to remain consistent with the parties Settlement Agreement.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Court Judge

Dated: February 7, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 7, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager