UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE 1, individually and on behalf of
all others similarly situated,

      Plaintiff,

v.

DEJA VU SERVICES, INC., et al.,

      Defendants.
                                 /

Case No. 2:16-cv-10877

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING THE
JOINT MOTION FOR PRELIMINARY INJUNCTION [27]**

Plaintiff Jane Doe 1 filed a class and collective action complaint against Defendants Deja Vu Services, Inc., DV Saginaw, LLC, and Harry Mohney, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, and Michigan's Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411. The parties reached—and the Court preliminarily approved—a class settlement. *See* Op. and Order, ECF No. 31. If granted final approval, the parties' $6.5 million settlement would resolve the claims of 45,000–50,000 current and former workers from 64 Deja-Vu-affiliated night clubs. *See* Settlement Agreement, ECF No. 29-2. The parties now move the Court to enjoin all pending proceedings against Defendants in twelve different federal and state courts. Mot., ECF No. 27.

The All Writs Act, 28 U.S.C. § 1651, authorizes district courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Under the Act, the Court may "issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in exercise of jurisdiction otherwise obtained." *United States v. City of Detroit*, 329

F.3d 515, 522 (6th Cir. 2003) (en banc) (quoting *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977)). The Anti-Injunction Act, however, limits the reach of the All Writs Act. 28 U.S.C. § 2283. "[T]he Anti-Injunction Act creates an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions:" (1) "as expressly authorized by Act of Congress"; (2) "where necessary in aid of its jurisdiction"; or (3) "to protect or effectuate its judgments." *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004) (quoting *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970) and 28 U.S.C. § 2283). The exceptions are "construed narrowly" and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed[.]" *In re Diet Drugs*, 282 F.3d 220, 233 (3d Cir. 2002). When a "federal case involves a complex class settlement," the district court may invoke the All Writs Act to aid its jurisdiction. *Lorillard Tobacco Co. v. Chester*, 589 F.3d 835, 848 (6th Cir. 2009) (affirming district court's order enjoining parties from proceeding in state-court litigation because of a tobacco settlement's permanent injunction).

Prior to issuing an injunction, a court must consider four criteria: (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant has shown irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).

Here, the parties have presented the Court with a complex class-action settlement. *See* Settlement Agreement, ECF No. 29-2. The terms of the class settlement will resolve Rule 23 and FLSA claims of all class members against all Deja-Vu-affiliated businesses. The Court has granted preliminary approval to the parties' proposed class settlement. *See* Op. and Order, ECF No. 31. A preliminary injunction on parallel proceedings is therefore warranted because conflicting orders from other courts would undermine the Court's jurisdiction and create a risk of inconsistent judgments, duplicative litigation, and a lack of finality for the class members and the defendants.

Additionally, the parties have shown a strong likelihood of success on the merits. The Court has granted preliminary approval to the parties' settlement agreement and found the settlement terms reasonable, fair, and adequate. *Id.* Since this matter involves an injunction to protect the Court's jurisdiction, no showing of irreparable injury is required. *See, e.g.*, *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). The injunction will not cause harm to others. The parties will provide notice of the proposed settlement to class members who will have the opportunity to opt-in or opt-out of the proposed class with the understanding that the Court may enter a permanent injunction if the settlement is approved. And the injunction serves the public interest because it will bring finality to the dispute, eliminate the risk of duplicative proceedings, decrease the cost of litigation, eliminate the risk of conflicting results, and allow the parties to implement the negotiated class-wide settlement. Therefore, the Court will exercise its authority under the All Writs Act to enjoin all related proceedings against Defendants pending final approval of the class-action settlement.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that the Joint Motion for Preliminary Injunction [27] is **GRANTED**.

**IT IS FURTHER ORDERED** that all related cases and claims against any Déjà Vu-affiliated nightclub and Harry Mohney, including, but not limited to, the following actions:

- *Campbell, et al. v. Dean Martin Dr. - Las Vegas, LLC, et al.*, Case No. A-14-709417-C (District Court Clark County, Nevada);

- *Roes 1-2 v. SFBSC Mgmt., LLC, et al.*, Case No. 3:14-cv-03616 (N.D. Cal.);

- *Rodriguez, et al. v. CMSG Restaurant Group, LLC, et al.*, Case No. 1:15-cv-01181 (S.D.N.Y);

- *Campbell v. Las Vegas Bistro, LLC*, Case No. 2:16-cv-01842 (D. Nev.);

- *Garcia v. Déjà vu Showgirls of Tampa, LLC, et al.*, Case No. 8:16-cv-01193 (M.D. Fla.);

- *Hermes v. S.A.W. Entertainment, Ltd, et al.*, Case No. CGC-16-552576 (Sup. Ct. San Francisco County);

- *Wells v. Showgirls of San Diego* (California PAGA letter submitted);

- *Predmore v. Déjà vu Showgirls, et al.* (California PAGA letter submitted);

- *Wilson v. 59th St LD Oklahoma City LLC*, Case No 5:16-cv-01124 (W.D. Okla.);

- *Campbell, et al. v. Déjà vu Entertainment Enterprises of Minnesota, Inc.* (District Court Hennepin County, Minnesota);

- *Doe v. Déjà vu Consulting, Inc., et al.*, Case No. 3:17-cv-00040 (M.D. Tenn.);

4

- *Doe v. Las Vegas Bistro, LLC, et al.*, Case No. 2:17-cv-00205 (D. Nev.);

and any other related cases whether known or unknown to this Court, that have commenced or are commenced while this Order is in effect, shall be preliminarily **STAYED** and temporarily **ENJOINED** pending final resolution of this matter.

**IT IS FURTHER ORDERED** that this Order is effective upon entry.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Court Judge

Dated: February 9, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 9, 2017, by electronic and/or ordinary mail.

        s/David P. Parker
        Case Manager