CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD
DECISION OF THE ADMINISTRATIVE LAW JUDGE SAN DIEGO OFFICE OF APPEALS
--------------------------------------------------------- (619) 688-0125
DATE MAILED: JUN 5 1995

CASE NO: C-T-62699-0001                    DATE PETITION FILED:
                                           NOVEMBER 19, 1995
PETITIONER: A TOUCH OF CLASS
            BETH A VIERSEN
            P O BOX 910262
            SAN DIEGO  CA  92191

                                           DATE AND PLACE OF HEARING:
                                           MAY 12, 1995
                                           SAN DIEGO, CALIFORNIA
EMPLOYMENT DEVELOPMENT DEPARTMENT
RESPONDENT                                 PARTIES PRESENT:
                                           PETITIONER
                                           RESPONDENT

STATEMENT OF FACTS

A petition for reassessment was filed by petitioner under the provisions of section 1222 of the California Unemployment Insurance Code on an assessment levied by the Department on October 21, 1992 under the provisions of section 1126 and 1127 of the code. The assessment covered the period January 1, 1990 through June 30, 1992 and was in the amount of $5,233.70 contributions, originally $7,988.36 in California income tax which was later reduced by the Department to $2,782.70, and originally $1,322.20 penalty which was reduced by the Department to $801.54 plus interest as provided by law. This assessment represented contributions in California personal income tax determined to be due on unreported remuneration paid to individuals performing services as erotic dancers and masseuses.

There was a prior separation issue case involving one of the dancers who worked with petitioner which is presently in Superior Court on a writ and thus no decision has been rendered in that case. There is a finding of fact between petitioner and one of the dancers in Municipal Court which found that the relationship between those parties was that of independent contractors. All of the alleged employee here were basically in the same situation as the alleged employee who was found to be an independent contractor.

The alleged employees responded to ad's in the paper and if accepted were sent out on assignments which petitioner received from clients for erotic dancing or massage. The payment to the alleged employees was flat rate and these people were skilled and licensed. The petitioner did not observe the performance of the assignments and had no control or right to control the details of the performances. The parties signed an independent contractor agreement. The work was basically single incidents in which the petitioner assigned people to go out and perform services for which she had a call. The people performing the services provided all of the tools and

equipment necessary to perform the work including clothing, massage tables, oils, linens, table sheets, disinfectant and towels. The service providers used their own vehicles to get to and from the assignments without compensation. The contract contained a term which required seven days written notice in order to terminate the independent contractor agreement. Many of the people working for a petitioner had other jobs at the same time.

REASONS FOR DECISION

Section 601 of the Unemployment Insurance Code et seq provide generally for the definition of the subject of employment.

In _Empire Star Mines Co., Ltd._ v. _California Employment Commission_ (1946) 28 Cal. 2d 33, the Supreme Court of California stated:

". . . In determining whether one who performs services for another is an employee or an independent contractor, the most important factor is the right to control the manner and means of accomplishing the result desired. If the employer has the authority to exercise complete control, whether or not that right is exercised with respect to all details, an employer-employee relationship exists. Strong evidence in support of an employment relationship is the right to discharge at will, without cause. [Citations]"

". . . Other factors to be taken into consideration are (a) whether or not the one performing services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the workman supplies the instrumentalities, tools and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is a part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship of employer-employee."

The following factors are considered in determining whether or not an employment relationship exists (_Tieberg_ v. _California Unemployment Insurance Appeals Board_ (1970) 2 Cal. 3d 943,950):

1. Which party has the right to control the manner and means of accomplishing the result desired;

2. Whether there is a right to discharge at will, without cause;

3. Whether or not the one performing services is engaged in a distinct occupation or business;

C-T-62629                                2

4. Whether the work is usually done under the direction of an employer, or by a specialist without supervision;

5. The skill required;

6. Who supplies the instrumentalities, tools, and place of work of the one performing services.

7. The length of time for which the services are to be performed;

8. The method of payment, whether by time or by the job;

9. Whether or not the work is part of a regular business of the beneficiary of the services.

10. Whether or not the parties believe they are creating a relationship of master and servant.

Here it is found that the finding of fact and judgement in the Municipal Court case is res adjudicata as to the subject of the parties relationship at least as far as that particular individual was concerned and it is further found that all of the people doing the work for petitioner were in the same situation. Upon considering and weighing all of the factors involved, it is found that because there was really no right to control the details of the work and the service providers provided all of their own tools and equipment to perform the services and a relatively high degree of skill was required that therefore the parties were independent contractors and not employer and employee.

DECISION

The petition for reassessment is granted.

STUART C. WILSON
Administrative Law Judge

THIS DECISION IS FINAL UNLESS
APPEALED WITHIN 30 CALENDAR DAYS.
FOR APPEAL OR REOPENING RIGHTS,
SEE ATTACHED NOTICE.
gb

C-T-62629                                     3