UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOES 1–2, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.

DEJA VU CONSULTING, INC., et al,

    Defendants.
_____/

Case No. 2:16-cv-10877

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION TO AMEND [86]**

Plaintiffs brought a class action alleging violations of various employment laws, and the parties settled. Plaintiffs then filed a motion for final approval, and the Court held a fairness hearing. The Court ultimately granted Plaintiffs' motion and entered judgment. Defendants now move to amend the judgment. The Court has reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the reasons set forth below, the Court will grant in part and deny in part Defendants' motion.

Defendants' primary concern is that the Court's order granting final approval and the corresponding judgment do not affirmatively enjoin participants in the class action from pursuing remedies in other courts. Defendants argue that the judgment does not provide that form of relief because Plaintiffs' counsel neglected to request it at the final fairness hearing as required by the parties' settlement agreement.[1] To remedy the alleged error, Defendants seek three amendments to the judgment: (1) an incorporation of the terms of

---

[1] Defendants do not explain why they could not have made the request themselves by a motion, or in response to Plaintiffs at the fairness hearing. Regardless of what the settlement agreement provided, Defendants share in the responsibility for neglecting to raise the issue—especially if it was of importance to their clients.

the parties' settlement agreement; (2) an extension of the previously entered preliminary injunction until the settlement becomes "final" as defined by the agreement; and (3) an addition that the Court retains jurisdiction to enforce the settlement agreement. ECF 86, PgID 4283. A motion to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Defendants pursue relief to prevent a manifest injustice, ECF 86, PgID 4278, but only the third request would serve that purpose. The Court therefore will deny Defendants' first two requests and grant the third.

Defendants' request to incorporate the terms of the settlement agreement into the Court's judgment would not prevent a manifest injustice because other remedies are available—namely, seeking to enforce the settlement agreement if appropriate. And if Defendants thought certain terms should have been included in the judgment, then they should have raised the issue at a more appropriate time.

Defendants' request to extend the preliminary injunction would not prevent a manifest injustice because the request is incompatible with the purpose of a preliminary injunction. A preliminary injunction is a temporary injunction issued "before the court has a chance to decide the case." *Preliminary Injunction*, Black's Law Dictionary (8th ed. 2004). That is why the Court's preliminary injunction enjoined action "pending final resolution of this matter." ECF 32, PgID 726. When the Court entered judgment, there was a final resolution—and the preliminary injunction expired by definition and under its own terms. *See Judgment*, Black's Law Dictionary (8th ed. 2004) ("A court's final determination of the rights and obligations of the parties in a case."). Amending the judgment to extend the preliminary

2

injunction would therefore be an abuse of the Court's power, regardless of the parties' definition of "final" in the settlement agreement.

To avoid preventing Defendants from attaining the benefits of their bargain, the Court will amend the judgment to clarify that the Court retains jurisdiction to enforce the settlement agreement. The Court will not, however, entertain actions merely intended to further delay the pending appeal here or litigation in other courts—especially if the question of a litigant's right to bring action is more properly before the court adjudicating that action.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Motion to Amend [86] is **GRANTED IN PART AND DENIED IN PART.** The judgment shall be amended to clarify that the Court retains jurisdiction to enforce the parties' settlement agreement.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Excess Pages [98] is found **MOOT**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 27, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 27, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager