UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOES 1–2,

    Plaintiffs,

v.

DÉJÀ VU CONSULTING, INC.,
et al.,

    Defendants.
    _____/

Case No. 2:16-cv-10877

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
<u>MOTION TO ENFORCE JUDGMENT [117]</u>**

On June 19, 2017, the Court approved a class settlement and also approved attorneys' fees and costs for Plaintiffs' counsel. ECF 77. Final judgment was entered, and the Court retained jurisdiction to enforce the settlement. ECF 100. On December 4, 2019, Defendant filed a motion to enforce judgment and to enjoin a violation of the terms of the settlement agreement. ECF 117. No response in opposition was filed and the Court will construe the motion as unopposed.

### BACKGROUND

The present case was a class action brought on behalf of more than 28,000 exotic dancers. ECF 33. Plaintiffs alleged that Defendants violated the Fair Labor Standards Act ("FLSA") and state wage-and-hour laws. *Id.* The parties reached a settlement, and the Court preliminarily approved the settlement agreement. ECF 31. Following preliminary approval of the settlement, notice was sent to the class providing an opportunity to opt in or opt out of the settlement. ECF 34-4. The Court

then approved the settlement over the objections of four class members, two of whom were from California. ECF 39, 47, 50, 51, 56, 77. The Sixth Circuit affirmed the Court's approval of the settlement. ECF 106. On September 4, 2019, Nicole Oliviera, one of the class members who affirmatively opted in to the settlement, ECF 117-2, filed a complaint in the Superior Court of California, County of San Joaquin and asserted claims against Stockton Enterprises, LLC, the operator of the Stockton club, and various employees and managers of the club. ECF 117-1. She alleged various California wage-and-hour claims and retaliation claims arising from her employment at the club from around 2001 "to on or about November 24, 2018." ECF 117, PgID 4769.

## DISCUSSION

I. <u>Enforcing the Settlement</u>

The present motion to enforce the settlement seeks to prohibit Oliviera from proceeding on her state court case. The Court possesses "inherent authority to enforce a settlement agreement between the parties before it." *U.S. Olympic Comm. v. David Shoe Co.*, 835 F.2d 880, at *2 (6th Cir. 1987) (Table) (citing *Bostick Foundry v. Lindberg Div.*, 797 F.2d 280, 282–83 (6th Cir. 1986), *cert. denied*, 107 S.Ct. 953 (1987)). If parties dispute the settlement agreement's terms or validity, a Court ordinarily must conduct an evidentiary hearing. *Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 621–22 (6th Cir. 1973) (citation omitted). If, however, as here, an agreement is clear and unambiguous, or no issues of fact exist, an evidentiary hearing is not required. *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976).

Thus, "summary enforcement of a settlement agreement has been deemed appropriate [when] no substantial dispute exists regarding the entry into and terms of an agreement." *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001) (citing *Kukla*, 483 F.2d at 621).

No opposition has been raised to the motion or to the existence of the settlement agreement. And the Court, after reviewing the settlement agreement again, finds that it is valid and that the terms are unambiguous. The terms of the settlement agreement clearly state that Déjà Vu affiliated clubs, including Stockton Enterprises, LLC, d/b/a Déjà Vu Showgirls, plus all their current, former, and future owners, officers, managers, employees, agents, and representatives are "Released Defendants" under the settlement agreement. ECF 41-2, PgID 1158; ECF 34-2, PgID 882. Oliviera, because she expressly opted in to the class, is a "Participating Class Member" under the settlement agreement. ECF 41-2, PgID 1155; ECF 117-2. And the claims she now raises in her California state action fall under "Participating Class Members' Released Claims" in the settlement agreement. *Compare* ECF 41-2, PgID 1144 (listing any and all claims pursuant to the California Labor Code and claims under California Business and Professions Code section 17200—the same claims she now brings in state court—as released claims) *with* ECF 117-1 (Oliviera's state complaint). Oliviera was provided notice that opting in to the class settlement would result in a release of claims. ECF 29-2, PgID 657–59. Oliviera is therefore violating the settlement agreement by proceeding in state court on claims that she previously

3

released by opting in to the settlement. The Court will grant Defendants' motion to enforce the settlement agreement.

The Court will also enjoin Oliviera from proceeding in violation of the settlement agreement. The All Writs Act empowers a federal court to issue "all writs necessary or appropriate in aid of [its] respective jurisdiction[] and agreeable to the usages and principles of law." 28 U.S.C. § 1651. But "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to [the Anti–Injunction Act]." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). Absent an exception, there is an "absolute prohibition [against] enjoining state court proceedings." *Id.* at 286. There are two recognized exceptions that apply here: 1) the injunction is "to protect or effectuate [the Court's] judgments," *i.e.*, the relitigation exception, or 2) it is "necessary in aid of [the Court's] jurisdiction." 28 U.S.C. § 2283.

For the relitigation exception to apply, a claim or issue raised in state court must have been previously presented to and actually decided by a federal court. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988). And the parties in the state proceeding must be bound by the relevant prior federal judgment. *Smith v. Bayer Corp.*, 564 U.S. 299, 312 (2011).

Here, the parties in the state court proceeding are clearly bound by the settlement agreement. The claims that Oliviera has brought in the state court action were raised and released under the agreement. And the claims were actually decided by the Court in the federal case. *See United States v. Chrysler Grp., LLC*, 571 F. App'x

4

366, 369 (6th Cir. 2014) ("settlement and consent judgments are final judgments on the merits for purposes of res judicata").

Moreover, the injunction Defendants seek in the present action is similar to the one that the Sixth Circuit affirmed in *Huguley v. Gen. Motors Corp.*, 999 F.2d 142 (6th Cir. 1993). In *Huguley*, the district court approved, over several objections, a final consent decree in an employment discrimination class action against General Motors ("GM"). *Huguley*, 999 F.2d at 144–45. And the Sixth Circuit affirmed approval of the settlement. *Id.* at 145. Two members of the class then brought a complaint in state court alleging similar race discrimination claims against GM. *Id.* at 143–44. GM removed the state action, and the district judge who had presided over the class action found that the claims fell within the preclusive scope of the consent decree and enjoined the class members from continuing with state court proceedings pursuant to the relitigation exception. *Id.* at 144–45. The Sixth Circuit again affirmed the injunction and held that based on the negotiations and settlement agreement, the consent agreement was intended to "insulate GM from claims such as the ones alleged by [class members] in the instant case." *Id.* at 148.

Similarly, Oliviera's state court claims fall squarely within the preclusive scope of the approved final settlement agreement here. In fact, there is an even stronger case for an injunction in the present case because Oliviera's state court claims are expressly enumerated in the settlement agreement as released claims. The Court will therefore enjoin the state court action from proceeding.

An injunction of a state court proceeding may likewise be justified under the "in the aid of jurisdiction" exception. For the in aid of jurisdiction exception to apply, an injunction is appropriate "only if 'some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'" *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 369 F.3d 293, 306 (3d Cir. 2004) (citations omitted). When a federal court retains jurisdiction over a settlement agreement, it may enjoin collateral attacks in state court to enforce the provisions of that settlement agreement. *Id.* "Allowing state court actions to run afoul of [the settlement agreement] would fatally subvert it and render the agreement (and the Court's jurisdiction) nugatory." *Id.* To allow "continued litigation of [settled] claims would 'unsettle' what had been thought to be settled, and would disrupt carefully constructed procedures for individual dispute resolution," thereby interfering with the Court's retained jurisdiction over settlement enforcement. *In re Prudential Ins. Co. of Am. Sales Prac. Litig.*, 314 F.3d 99, 105 (3d Cir. 2002).

Here, the Court retained jurisdiction over the settlement agreement. *See* ECF 100. When Oliviera filed a collateral attack in California state court involving claims settled by the settlement agreement, she interfered with the Court's jurisdiction over the agreement. Enjoining her state court proceeding is warranted under the in the aid of jurisdiction exception. For that additional reason, the Court will enjoin her from proceeding in her state action.

II.      <u>Attorneys' Fees</u>

Defendants, in passing, stated that they seek attorneys' fees related to the enforcement of the settlement agreement. ECF 117, PgID 4764. But Defendants failed to indicate any section of the settlement agreement that permits an award of attorneys' fees relating to the enforcement of the settlement. And they likewise failed to make a sufficient showing of willfulness or bad faith to warrant an award. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 275 (1975) (Marshall, J., dissenting) (collecting cases). The Court will therefore deny the request for attorneys' fees.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion to enforce judgment [117] is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as it relates to enforcing the settlement. Nicole Oliviera is **ENJOINED** from proceeding in her state action in the Superior Court of California, County of San Joaquin, Case No. STK-CV-UOE-2019-0011472. The motion is **DENIED** as to the request for attorneys' fees.

**SO ORDERED.**

                                                s/ Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: March 23, 2020